WIN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARL W. WRIGHT, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO.: 2:16-CV-299-WHA |
| | ) [WO] |
| DENNIS STAMPER, WARDEN, | ) |
| Respondent. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This is a *pro se* petition for a writ of habeas corpus filed by a federal prisoner under 28 U.S.C. § 2241.  Petitioner filed this petition while a federal inmate incarcerated at the Montgomery Federal Prison Camp in Montgomery, Alabama.

### II. BACKGROUND

On August 29, 2012, the United States District Court for the Northern District of Georgia sentenced Petitioner to concurrent terms of sixty months for conspiracy to commit bank, mail and wire fraud, and money laundering in violation of 18 U.S.C. §§ 1344, 1341, 1343, 1957 and 371, and sixty-two months for money laundering in violation of 18 U.S.C. § 1957, followed by 36 months of supervised release.  Doc. 17-4. Petitioner challenges his expulsion from the Residential Drug and Alcohol Abuse Program ["RDAP"] arguing such conduct amounted to a violation of his right to equal protection because it was based upon age, race, educational status, nature of conviction, and professional background, and was retaliatory.  Petitioner requests he be given credit for completion of RDAP and granted immediate release from incarceration into court supervision, subject to any post-RDAP requirements generally imposed by the court. Doc. 1.

Respondent filed an answer to the petition in which he asserts Petitioner is entitled to no relief as his claim is without merit. Doc. 17. Respondent asserts Petitioner was expelled from RDAP because he failed to demonstrate significant treatment progress after being afforded multiple adjustments and opportunities for improvement. Doc. 17-2 at 1-8. Although Petitioner completed RDAP based upon the projected calendar length, Respondent maintains he failed to meet progress and completion standards and was, therefore, not authorized to move forward in the program. *Id.* The court granted Petitioner an opportunity to respond to Respondent's answer and he did so. Doc. 22.

### III. DISCUSSION

The Violent Crime Control and Law Enforcement Act of 1994 ["VCCLEA"] directs the Bureau of Prisons ["BOP"] to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To carry out this requirement, the BOP must provide residential substance abuse treatment for all eligible prisoners, "subject to the availability of appropriations...." 18 U.S.C. § 3621(e)(1). An "eligible prisoner" is one who is "determined by the Bureau of Prisons to have a substance abuse problem," and who is "willing to participate in a residential substance abuse treatment program." 18 U.S.C. § 3621(e)(5)(B)(i) and (ii). As an incentive for the successful completion of the residential treatment program, the BOP may, in its discretion, reduce an eligible inmate's sentence by up to one year. 18 U.S.C. § 3621(e)(2)(B).

By his petition, Petitioner seeks an order compelling the BOP to grant him immediate credit for completion of RDAP requirements and immediate release from incarceration into court supervision. However, it appears from information obtained from the BOP's website (*available at*

*https://www.bop.gov/inmateloc/*) that on or around March 24, 2017, Petitioner completed the service of his federal sentence and was released from the custody of the BOP.

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this where the only relief requested is injunctive, it is possible for events subsequent to filing the complaint to make the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2d Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975). "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (per curiam) (citing U.S. Const. art. III, § 2). "Federal courts may not rule upon questions hypothetical in nature or which do not affect the rights of the parties. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). Furthermore,"[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id*.

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the court determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

(citations omitted).

Petitioner's ultimate objective in filing this action was to be granted credit for completion of RDAP and immediately released from custody. Since Petitioner has been released from custody, there is no longer a case or controversy to litigate. *Mingkid v. U.S. Att'y Gen.*, 468 F.3d 763, 768 (11th Cir. 2006) (citation and quotation marks omitted, alteration in original) ("Put another way, [a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."); *United States ex rel. Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984); *Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (*citing Graham*).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this 28 U.S.C. § 2241 petition for habeas corpus relief filed by Petitioner Carl Wright be DISMISSED as moot since a more favorable decision on the merits would not entitle him to any additional relief.

It is

ORDERED that **on or before July 14, 2017**, the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust*

*Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 26th day of June 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE